

United States Department of Justice

United States Attorney
Western District of Texas

_____

903 San Jacinto Ave., Suite 334   (512) 916-5858
Austin, Texas 78701   fax (512) 916-5854

October 29, 2024

## APPELLEE'S 28(j) LETTER

Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130-3408

    Re:   *United States v. Contreras*, Nos. 23-50840 & 23-50845

Dear Mr. Cayce:

    Our tradition supports disarming felons—like Contreras—who were still completing a criminal sentence at the time they possessed firearms. Two new, pertinent decisions provide additional support for affirming the district court's judgment on this ground.

    In *United States v. Moore*, 111 F.4th 266 (3rd Cir. 2024), the Third Circuit held that Section 922(g)(1) is constitutional as applied to a felon who possessed a firearm while on supervised release. The court highlighted founding-era forfeiture laws that "temporarily disarmed citizens who had committed a wide range of crimes." *Id.* at 271. Those laws "yield the principle that a convict may be disarmed while he completes his sentence and . . . justifies applying § 922(g)(1)." *Id.* at 272. The court recognized that the historical forfeiture laws targeted crimes different from Moore's predicate conviction. *Id.* at 271 n.3. Still, "they all stand for the proposition that convicts could be disarmed while serving their sentences." *Id.* Accordingly, they offered "relevant analogues to § 922(g)(1), as it applies to convicts on supervised release." *Id.*

Similarly, in *United States v. Goins*, — F.4th —, 2024 WL 4441462, at *1, *5 (6th Cir. Oct. 8, 2024), the Sixth Circuit upheld Section 922(g)(1) as applied to a felon who possessed a firearm while on probation for drunk driving and drug possession. There, the court found support for Goins's disarmament based on a tradition of "disarming the dangerous" and a "historical tradition of forfeiture laws, which temporarily disarmed convicts while they completed their sentences." *Id.* at *5. A concurring judge found "dispositive" the condition forbidding Goins from possessing firearms on probation. *Id.* at *8 (Bush, J., concurring).

Like the defendants in *Moore* and *Goins*, Contreras, who was on supervised release at the time he committed the offense, violated Section 922(g)(1) while completing a criminal sentence. (ROA.23-50840.151.) And like the Third and Sixth Circuits, this Court should hold that "history and tradition supports disarming convicts [like Contreras] who are completing their sentences," and reject this as-applied challenge to Section 922(g)(1). *Moore*, 111 F.4th at 273.

Sincerely,

Jaime Esparza
United States Attorney

By: */s/ Lauren Tanner Bradley*
Lauren Tanner Bradley
Assistant United States Attorney


copy (by ECF): Kimberly S. Keller
Attorney for Defendant-Appellant