

November 4, 2024

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals (Fifth Circuit)
600 Maestri Place
New Orleans, Louisiana 70130

    RE:    Appellant's 28(j) Letter (oral argument set for November 5 before Chief Judge Richman, Judge Graves, & Judge Ramirez)

Mr. Cayce:

Appellant Contreras respectfully points this Court to recently-issued precedent from this Court. In *United States v. Connelly*, this Court (Judge Ramirez was on the Panel) held that the Second Amendment barred prosecution of a marijuana user, who had no history of violent firearm use, for possessing a firearm under §922(g)(3). 117 F.4th 269, 269-70 (5th Cir. 2024).

There, this Court stated:

> The short of it is that our history and tradition may support some limits on a presently intoxicated person's right to carry a weapon . . . but they do not support disarming a sober person based solely on past substance usage. Nor, contrary to what the government contends, do restrictions on the mentally ill or more generalized traditions of disarming "dangerous" persons apply to nonviolent, occasional drug users when of sound mind.

*Id.*

Like in *Connelly*, there is no evidence here of violence on the part of Contreras. While Appellee hopes this Court relies on historical evidence demonstrating that governing officials periodically disarmed groups of

people deemed "dangerous," such as political dissidents and religious minorities, those situations are distinguishable for two reasons: (1) the disarming was temporary; and (2) the groups were "dangerous" because they might take up arms against the leadership. *Id.* at 277 (describing historical examples of "laws barring political dissidents from owning guns in periods of conflict" and "laws that disarmed religious minorities—especially Catholics").

This history and tradition of disarming "dangerous" political groups and religious minorities is too far afield to provide supporting precedent for permanent disarmament based on substance abuse, at least when, as here, Contreras has no history of violence through firearm misuse. *Id.* at 277 ("[O]ur history and tradition of disarming 'dangerous' persons does not include non-violent marijuana users like [the defendant].").

        Sincerely,
        /s/Kimberly S. Keller
        Kimberly S. Keller

CC: Laura Tanner Bradley, Asst. U.S. Attorney, *Counsel for Appellee*