

November 4, 2024

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals (Fifth Circuit)
600 Maestri Place
New Orleans, Louisiana 70130

  RE: Appellant's 28(j) Letter (oral argument set for November 5 before
     Chief Judge Richman, Judge Graves, & Judge Ramirez)

Mr. Cayce:

  In a 28(j) Letter recently filed, Appellee addresses *United States v. Diaz.*
There, the defendant convicted of felon-in-possession had prior offenses for
theft, evading arrest or detention with a vehicle, vehicle break-ins, and
possession of a handgun with methamphetamine. 116 F.4th 458, 462 (5th Cir.
2024). In the 28(j) letter, Appellee repeatedly categorizes Contreras' prior
crime --- unlawful-marijuana-user-in-possession – as "involv[ing]
brandishing a firearm while smoking marijuana."[1] The record does not
support this self-serving paraphrase.

  The actual language on that page (of the ***revocation*** record) is:

> As officers search through Contreras' phone [with
> his consent], several images of Contreras possessing
> with a firearm and marijuana were observed. Several
> images of Contreras smoking marijuana and
> possessing a firearm were also discovered.

Notably, missing from the PSR text is Appellee's "brandishing," which is a
legal term of art meaning to "wave or flourish a weapon as a threat or in
anger or excitement." *See also* 18 U.S.C. §924(c)(4) (sentencing provision
providing, "'brandish' means, with respect to a firearm, to display all or part

---

[1] *Ltr.* at 1, 2 (citing "ROA.125"). This record citation is to the PSR ***in the
revocation appeal*** that has not been set for argument by this Court.

of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person").

Appellee also references *Diaz*'s discussion of "firearm-focused evidence" and "going armed" laws, which involve disarmament of "those who had menaced others with firearms." *Ltr.* at 2. There, Appellee again injects "brandishing weapons." But, the probation officer viewing the images in question (which are not in the record), who was charged with identifying Contreras' Guidelines Range (which would have been impacted by actual evidence of "brandishing"), omitted Appellee's phrase. Indeed, on the day of his arrest for unlawful-marijuana-user-in-possession, Contreras did not even have a gun on his person. His gun remained resting on his nightstand, where law enforcement officers collected it *only after* Contreras was arrested with marijuana in his car (and subsequently consented to a search of his home).

Sincerely,
/s/Kimberly S. Keller
Kimberly S. Keller
Email: kim@kellsto.com

CC:  Laura Tanner Bradley, Asst. U.S. Attorney, *Counsel for Appellee*